## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELICIA CRIER** ) | **CIVIL ACTION NO.   2:25-cv-01733** |
| ) | |
| ) | |
| **VERSUS** ) | **JUDGE:   JAY C. ZAINEY** |
| ) | |
| **USAA CASUALTY INSURANCE** ) | |
| **COMPANY (in its capacity as** ) | **MAGISTRATE JUDGE:** |
| ) | **JANIS VAN MEERVELD** |
| **uninsured / underinsured motorist** ) | |
| **coverage insurer)** ) | |
| ) | |

---

### MEMORANDUM IN SUPPORT OF DEFENDANT'S
### RULE 12(b)(5) MOTION TO DISMISS
---

**MAY IT PLEASE THE COURT:**

Defendant, USAA Casualty Insurance Company ("USAA"), respectfully moves this Court for an order of dismissal, without, prejudice, pursuant to Fed. R. Civ. P. 12(b)(5), for failure of Plaintiff to properly serve her Petition on Defendant within the 90 days prescribed by Louisiana law.

**I.   BACKGROUND**

This case arises out of an automobile accident that occurred on July 25, 2023.[1] Plaintiff filed her Petition for Damages in state court on July 26, 2024, but she nonetheless failed to pay any of the requisite service fees to the Orleans Parish Civil Clerk. Accordingly, on September 26, 2024, Plaintiff's Petition and Citation were returned for non-payment of requisite service fees, as confirmed by the Service Return entered into the record by the Orleans Sheriff.[2]

---

[1]   R. Doc. 1-1, at p. 9.
[2]   R. Doc. 1-3.

On January 10, 2025, almost four (4) months after receiving notice from the Orleans Sheriff that Plaintiff's Petition was not served on USAA, her attorneys, The King Firm, filed a Motion to Withdraw a former member of the firm from the case.[3] At this point, the firm had been in constant contact with USAA's pre-litigation claims team since April 11, 2024.[4] Even still, Plaintiff still failed to request service of the Petition or pay the requisite service fees so that the clerk could act to serve the Petition.[5]

In fact, Plaintiff continued to communicate directly with USAA, and not its counsel. Indeed, on April 15, 2025, Plaintiff's counsel sent an eight (8) page policy limits demand to USAA; nonetheless, not a single word in this lengthy demand referenced the already pending suit the King Firm filed on Plaintiff's behalf almost nine (9) months earlier.[6] A this point, Plaintiff's counsel had yet to pay requisite service fees, nor did Plaintiff make any other attempt to serve USAA.

Plaintiff continued to communicate with USAA and submitted yet another demand on June 24, 2025.[7] Even still, Plaintiff's demand they did not give any reference to a case caption, docket number, or even the slightest hint or warning that the suit had already been filed against USAA.[8] By correspondence to the Orleans clerk dated July 7, 2025, Plaintiff *finally* requested service be issued on USAA and made payment for the requisite service fees that were first noted, on the record, to be outstanding, as far back as September 26, 2024.[9]

---

[3]   R. Doc. 1-1, at p. 4.
[4]   R. Doc. 1-2.
[5]   R. Doc. 1-4, pp. 17-21.
[6]   R. Doc. 1-4, at pp. 9-16.
[7]   R. Doc. 1-4, at pp. 35-42.
[8]   *Id*.
[9]   R. Doc. 1-1, p. 14.

## II.    LAW & ARGUMENT

When the validity of service of process is challenged, the party who requested the service has the burden of proving that service was valid.[10] "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[11] State law governs the sufficiency and timing of service before removal.[12]

The Louisiana Code of Civil Procedure requires that a defendant be served with the petition within ninety days of the filing of the petition.[13] "If the petition is not timely served, the Louisiana Code of Civil Procedure requires that the action be involuntarily dismissed without prejudice unless good cause is shown why service could not have been timely requested."[14] "[P]laintiffs may not prevent the involuntary dismissal of their claims where the failure to timely request service of the petition is due to 'inadvertence and mistake or excusable neglect.'"[15]

Moreover, the Louisiana Supreme Court has held that "a request for service without payment of required fees . . . simply is no proper request at all."[16] The Louisiana Supreme Court has also held that the legislative purpose of the procedural rule of Article 1201(C) to request service of citation on a defendant within 90 days is to ensure "the avoidance of stale claims" and improper strategies.[17]

Indeed, Louisiana courts, as well as this Court, have also recognized that plaintiffs should not benefit when "the failure to timely request service is motivated by an improper

---

[10]   *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007)(per curiam).
[11]   *Id*.
[12]   *Oiler v. Biomet Orthopedics*, 02-3778, 2003 WL 22228574, at *3 (E.D. La. Sept. 25, 2003).
[13]   La. C.C.P. Art. 1201(C); see also, *Oiler, supra.*
[14]   La. C.C. P. Art. 1672(C); see also, *Id*.
[15]   *Id*.
[16]   *Carrie v. S. Univ. at New Orleans*, 2024-00060, p. 1 (La. 3/12/24); 380 So.3d 555.
[17]   *Naquin v. Titan Indem. Co.*, 00-1585, pp. 4-9 (La. 2/21/01). 779 So.2d 704-708-11.

purpose" and from "using filing delays and refilings, without effective service, as a strategy."[18] A case "that would be dead under state law" should not be "revived upon removal by a federal court applying the same state law that would have led to the termination of the case in state court."[19]

Here, Defendant submits that Plaintiff's deliberate withholding of service for nearly a year was in bad faith and allowed the suit to grow stale, prevented USAA from receiving notice of this action, attempted to preclude USAA from removing the action to federal court, forestalled pre-suit discovery, and attempted to prejudice USAA in post-suit settlement discussions by depriving USAA of the conducting negotiations with the benefit of its counsel. Under applicable Louisiana law, Plaintiff's suit would have been dismissed, had it not been removed to federal court, for failure to effectuate service within 90 days of the filing of her suit.[20]

It should be noted that this case is factually distinct from this Court's recent decision in *Angers v. Franco*.[21] In denying the Rule 12(b)(5) Motion filed by the defendant in that case, this Court found that the plaintiff's counsel made a "reasonably diligent" effort to promptly pay all service-related fees and check the record to ensure that service was made, where the plaintiff paid all fees within the requisite 90-day period and served the defendant on the 91st day.[22]

---

[18] See, e.g., *Oiler v. Biomet Orthopedics*, 02-3778, 2003 WL 22228574, at *3 (E.D. La. Sept. 25, 2003); Jacobs v. Louisiana Farm Ins. Companies, 815 So.2d 858, 859 (La.App. 3d Cir.2002) (noting that article 1672(C) "requires" dismissal without prejudice).

[19] *Oiler*, at *3.

[20] See, e.g., *Carrie, supra*; see also, see *Jenkins v. Larpenter*, 04-0318 (La. App. 1 Cir. 3/24/05), 906 So.2d 656, 659, writ denied, 05-1078 (La. 6/17/05), 904 So.2d 711.

[21] CV 24-688, 2025 WL 624027, at *3 (E.D. La. Feb. 26, 2025).

[22] *Id*.

Page **6** of **8**

Conversely, in this case, Plaintiff did not serve USAA until 363 days after her Petition was filed.[23] She first received notice from the Orleans Sheriff on September 26, 2024 that her Petition and Citation were returned for "non-payment."[24] Nevertheless, Plaintiff took no action to pay the requisite fees and request reissuance of service on USAA. In fact, Plaintiff did not pay the requisite service fees until July 7, 2025.[25] Plaintiff's counsel communicated directly with USAA for a year after she filed suit, and still deliberately failed to disclose the fact that suit had already been filed against USAA. The King Firm even filed a Motion to Withdraw a former member of the firm whose name appeared on the signature block of the Petition for Damages, although he did not sign the Petition.[26] Notwithstanding the fact that the failure to serve her Petition within 90 days was hardly inadvertent, Plaintiff did not even request service of that Motion on USAA.[27]

Clearly, by intentionally delaying service and concealing the fact that suit was already filed, Plaintiff acted in bad faith to implement the exact sort of strategy that Louisiana's service-related procedural statutes were designed to avoid. Defendant raised Plaintiff's bad faith conduct in its Notice of Removal.[28] Even assuming Plaintiff did not delay service in bad faith, this Court has held that a plaintiff cannot prevent involuntary dismissal simply because her failure to make a timely request for service is attributable to "inadvertence and mistake or excusable neglect."[29]

---

[23] R. Doc. 1-1, p. 7.
[24] R. Doc. 1-3.
[25] R. Doc. 1-1, p. 14.
[26] R. Doc. 1-1, p. 4.
[27] *Id*.
[28] R. Doc. 1.
[29] *Oiler v. Biomet Orthopedics*, 02-3778, 2003 WL 22228574, at *3 (E.D. La. Sept. 25, 2003).

To that end, pursuant to La. C.C.P. Article 1672, this action must be involuntarily dismissed without prejudice. Further, since this case "would be dead under state law," it should not be "revived" on removal under the same state law that would have resulted in its termination in state court.[30]

### III.  CONCLUSION

Based on the foregoing, Louisiana law requires that the instant action and all of Plaintiff's claims against Defendant, USAA, be involuntarily dismissed, without prejudice, due to Plaintiff's bad faith failure to serve USAA with the Citation and Petition within the prescribed 90 days.

Respectfully submitted:

**ADAMS HOEFER HOLWADEL, LLC**

_/s/   Kyle M. Truxillo_
**D. RUSSELL HOLWADEL (#16975)**
Email:  drh@ahhelaw.com
**KYLE M. TRUXILLO (#38920)**
Email:  kmt@ahhelaw.com
400 Poydras Street, Suite 2450
New Orleans, Louisiana   70130
Telephone:   (504) 581-2606
Facsimile:    (504) 525-1488
***Attorneys for Defendant, USAA Casualty Insurance Company***

### CERTIFICATE OF SERVICE

I certify that, on this 27th day of October 2025, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

_s/Kyle M. Truxillo_
**KYLE M. TRUXILLO**

---

[30]  *Id.*